**UNITED STATES of America,
Plaintiff–Appellee,**

**v.**

**Gerry McCRARY, Defendant–Appellant.**

No. 94–3273.

United States Court of Appeals,
Eighth Circuit.

Submitted June 13, 1995.

Decided Aug. 29, 1995.

Bruce W. Simon, Kansas City, MO, argued, for appellant.

Christina Y. Tabor, Asst. U.S. Atty., Kansas City, MO, argued, for appellee.

Before BOWMAN, Circuit Judge, HENLEY, Senior Circuit Judge, and MORRIS SHEPPARD ARNOLD, Circuit Judge.

MORRIS SHEPPARD ARNOLD, Circuit Judge.

In *United States v. Magee,* 19 F.3d 417 (8th Cir.), *cert. denied,* —— U.S. ——, 115 S.Ct. 343, 130 L.Ed.2d 299 (1994), we affirmed the conviction of Gerry McCrary on various charges relating to a conspiracy to

distribute cocaine base. His sentence, however, was remanded with instructions to the district judge[1] to articulate the basis for calculating the amount of the drug attributed to McCrary. On remand, the district court again established a base offense level of 38, indicating an attribution of 1.5 kilograms or more of cocaine base, and reaffirmed the four-level enhancement for a leadership role in the offense and the level three criminal history category. In doing so, the district court made it clear that it was relying on the evidence presented at trial and at the first sentencing hearing. McCrary appeals the district court's determinations upon resentencing. We affirm.

At McCrary's trial, the government presented evidence that members of the relevant conspiracy had made multiple wire transfers totaling approximately $65,000 over a six-month period to a confederate in California. At the first sentencing hearing, moreover, the government produced expert testimony to the effect that the $65,000 could represent receipts for 324 grams sold in one-tenth-gram quantities to individual customers, but that that amount could buy three to five kilograms in bulk purchases from a supplier in California. The expert witness opined that the payment system of multiple, relatively small wire transfers was structured to avoid notice to the government of transfers in excess of $10,000, and he stated that packages of cocaine base are usually not shipped in small amounts. The 324–gram amount would generate a base offense level of 34; three to five kilograms would generate a base offense level of 38. The district court concluded that the $65,000 was used to make bulk purchases and thus fixed the base offense level at 38.

■ The district court chose to believe the evidence presented at trial and at the sentencing hearing and we cannot think that it was clearly erroneous to do so. For purposes of sentencing, the court may consider any relevant information so long as it has "sufficient indicia of reliability to support its probable accuracy." United States Sentencing Commission, Guidelines Manual § 6A1.3(a)(1994); *United States v. Sales*, 25 F.3d 709, 711 (8th Cir.1994). We have, moreover, specifically approved the use of monetary evidence to calculate drug quantities. *See, e.g., United States v. Johnson,* 906 F.2d 1285, 1290 (8th Cir.1990). McCrary argues that the multiple wire transfers do not necessarily represent only a few bulk purchases at comparatively low unit prices. But the expert's testimony went to the usual practices employed by drug enterprises of the scale established by the evidence here. As this testimony was based on the witness's education and experience, the court did not clearly err in concluding that the money was used for bulk purchases.

■ McCrary also argues that the district court erred in attributing the entire three-to-five kilogram amount to him in sentencing him as a member of the conspiracy. The evidence at trial of approximately $65,000 in wire transfers to California, together with testimony that McCrary was responsible for these wire transfers, was more than sufficient to support the district court's finding that the entire amount of cocaine base should be attributed to McCrary. We therefore find no error here.

■ In addition, McCrary attempts to re-open on appeal his challenge to the district court's assignments of a four-level enhancement for a leadership role in the conspiracy and a level three criminal history category. As McCrary raised these issues only in passing in his previous appeal, we did not find it necessary to address them explicitly at that time. We have, however, in the interest of justice, reviewed the district court's conclusions as to leadership role and criminal history in the original sentencing hearing and again upon resentencing, and we do not find them to be clearly erroneous.

For the foregoing reasons, we affirm McCrary's sentence.

---

**1.** The Honorable Howard F. Sachs, Senior District Judge for the Western District of Missouri.